DO NOT PUBLISH

STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

14-334

STATE OF LOUISIANA

VERSUS

CHONQUARO GREEN

\*\*\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 12-K-3670 c/w 12-K-3734
HONORABLE ALONZO HARRIS, JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

J. DAVID PAINTER
JUDGE

\*\*\*\*\*\*\*\*\*\*\*\*

Court composed of John D. Saunders, Billy Howard Ezell, and J. David Painter, Judges.

**AFFIRMED.**

Brent Hawkins
Louisiana Appellate Project
P.O. Box 3752
Lake Charles, LA 70602
COUNSEL FOR DEFENDANT-APPELLANT:
    Chonquaro Green

Earl B. Taylor
District Attorney
Jennifer M. Ardoin
Assistant District Attorney
P. O. Drawer 1968
Opelousas, LA 70571
COUNSEL FOR APPELLEE:
    State of Louisiana

**PAINTER, Judge.**

Defendant, Chonquaro Green, appeals the failure of the trial court to give him credit for time served in connection with his conviction for forcible rape and the sentence imposed therefor.

## FACTS AND PROCEDURAL HISTORY

Defendant forced the victim into his truck while armed with a hatchet. He raped the victim twice.

Defendant was charged with aggravated kidnapping, a violation of La.R.S. 14:44, and aggravated rape, a violation of La.R.S. 14:42. A jury found Defendant not guilty of the charge of aggravated kidnapping and guilty of the responsive verdict of forcible rape on the second count.

After a hearing on a habitual offender bill, the trial court found Defendant to be a second offense sex offender under La.R.S. 15:529.1 and sentenced him to thirty years at hard labor without benefit of probation, parole, or suspension of sentence.

This court has examined the record pursuant to La.Code Crim.P. art 920 and has found no other errors patent.

## DISCUSSION

Defendant asserts that the trial court committed error patent by failing to order credit for time served pursuant to La.Code Crim.P. art 880. The transcript of sentencing does not indicate that the trial court ordered that Defendant be given credit for time served. Louisiana Code of Criminal Procedure Article 880 provides in pertinent part that:

> A. A defendant shall receive credit towards service of his sentence for time spent in actual custody prior to the imposition of sentence.

The historical notes to article 880 provide: "This Article makes the credit for prior custody self-operating even on a silent record. It does not change the law." In *State v. Hebert*, 97-1742 (La.App. 3 Cir. 6/3/98), 716 So.2d 63, *writ denied*, 98-1813 (La. 11/13/98), 730 So.2d 455, *cert. denied*, 529 U.S. 1072, 120 S.Ct. 1685 (2000), this court discontinued recognizing the failure to give credit for time served as an error patent. Therefore, we find no error in the trial court's failure to state that it was giving credit for time served.

## CONCLUSION

Therefore, Defendant's conviction and sentence are affirmed.

**AFFIRMED.**